UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANFORTH S. DESENA, D.P.M., et al.,  )<br>  )<br>        *Plaintiffs*  )<br>  )<br>v.  )<br>  )<br>BEEKLEY CORPORATION,  )<br>  )<br>        *Defendant*  ) | Civil No. 09-352-P-H |

*MEMORANDUM DECISION AND ORDER ON DEFENDANT'S
MOTIONS TO STRIKE AND FOR EXTENSION OF TIME*

Defendant Beekley Corporation has moved to strike (i) six separate motions for summary judgment filed by plaintiffs Danforth S. DeSena, D.P.M., and Solstice Corporation and (ii) statements of facts filed by the plaintiffs in support of a motion for claim construction and a motion to exclude expert testimony. *See* Defendant Beekley Corporation's Motion To Strike Plaintiff's Six Motions for Summary Judgment, Plaintiffs' Statement of Facts in Support of Its Motion for Claim Construction and Statement of Facts in Support of Motion To Preclude ("Motion To Strike") (Docket No. 101) at 1. Today, the defendant also filed a consented-to motion requesting an extension of time for both parties to respond to each other's pending motions for claim construction and summary judgment, and the plaintiffs' pending motion to exclude, pending the court's decision on the Motion To Strike. *See* Defendant's Consented To Motion for Extension of Time To File Opposition Memoranda and Counter-Statements of Fact Pending the Court's Decision on Defendant's Motion To Strike ("Motion for Extension") (Docket No. 106). The Motion To Strike

1

is **GRANTED**, and the Motion for Extension is **DEEMED MOOT** in part and **GRANTED** in part, as follows:

### I. Motion To Strike

1.  <u>Six Separate Summary Judgment Motions</u>.  The plaintiffs' six separate motions for summary judgment and accompanying materials, including statements of material facts ("SMFs") and exhibits (Docket Nos. 57 through 62, 64, and attachments thereto, as well as redacted versions of those filings, Docket Nos. 87 through 90, 93, and attachments thereto), are **ORDERED STRICKEN**, and the plaintiffs are afforded leave to refile one consolidated summary judgment motion together with supporting attachments and exhibits, including one consolidated SMF, no later than Friday, March 26, 2010.  If, after due effort to eliminate duplication, they require permission to exceed the 20-page limit of Local Rule 7(e), they may do so no later than three business days in advance of that deadline, in accordance with that rule.[1]

Although, as the plaintiffs maintain, they may well have intended in filing six separate summary judgment motions to present segregable issues in an efficient manner rather than to skirt the page limitation of Local Rule 7(e), their approach violates the spirit, if not the substance, of that rule.  *See Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. S.D. Warren Co.*, Civil No. 03-225-B-W, 2004 U.S. Dist. LEXIS 10181, at *18 n.9 (D. Me. June 4, 2004) (rec. dec., *aff'd in part, rejected in part on other grounds*, Nov. 10, 2004) (Docket No. 101-2), Exh. A to Motion To Strike ("[B]y filing two [summary judgment] motions instead of one, the Union has also violated, in spirit if not in substance, the 20-page limitation imposed by Local Rule 7.").

---

[1] I expect that the plaintiffs will be able to limit their consolidated brief to no more than 40 pages in length.

The plaintiffs' complaint and the defendant's seven counterclaims concern whether either side has violated certain rights of the other through the manufacture and/or sale of skin markers for use in radiological studies such as mammograms.  *See generally* Amended Complaint (Docket No. 37); Amended Answer and Counterclaims (Docket No. 42).  I perceive no reason why the plaintiffs' bid for summary judgment as to its own complaint and as to the defendant's counterclaims could not have been presented in a consolidated motion for summary judgment, rather than filing six separate motions for summary judgment totaling 75 pages.

Although the plaintiffs, to their credit, have briefed the issues in each motion and set forth their separate SMFs in a fairly concise manner, I agree with the defendant that there is duplication among the separate filings, no doubt an inevitable result of their approach, and that the maintenance of six separate summary judgment motions ultimately would result in needless extra work for both the defendant and the court, generating a total of 18 briefs and 18 separate SMFs.  The plaintiffs can achieve the desired efficiency and logical presentation by resorting to the use of subheadings within both their brief and SMF, sparing the court a needless proliferation of filings.  *See, e.g., Aircraft Technical Publishers v. Avantext, Inc.*, Case No: C 07-4154 SBA, [Docket Nos. 153, 154, 157, 159 and 160], 2009 U.S. Dist. LEXIS 106524, at *4 (N.D. Cal. Nov. 16, 2009) (Docket No. 101-3), Exh. C to Motion To Strike ("Judicial economy and concise argument are purposes of the page limit.  In an attempt to circumvent the page limits imposed by the Local Rules, ATP filed four Summary Judgment Motions, which collectively total fifty-nine pages in length.  While each motion purports

to address different issues, all of the motions pertain to the same patents-in-suit and should therefore have been presented in a single motion.") (citation and internal quotation marks omitted).[2]

2. <u>Statements of Fact Filed in Support of Motions for Claim Construction and To Exclude</u>. To the extent that the plaintiffs intended to file "statements of material fact," as that phrase is understood in Local Rule 56, the Motion To Strike is **GRANTED.** The Local Rules do not contemplate the filing of SMFs in contexts outside that of motions for summary judgment. The statements of facts appended to the two motions in question (Docket Nos. 56-1 and 63-1), therefore, shall be treated as appendices to which no responsive SMF or reply SMF shall be permitted. The defendant shall be permitted 21 days from the date hereof to respond to both motions as I have hereby construed them.[3]

---

[2] I agree with the defendant that the authorities the plaintiffs cite in support of permitting their filing of six separate summary judgment filings are distinguishable. In *Calence, LLC v. Dimension Data Holdings*, Case No. C06-0262RSM, 2007 U.S. Dist. LEXIS 36235, at *6 & n.3 (W.D. Wash. May 16, 2007) (Docket No. 102-1), Exh. A to Plaintiffs' Opposition to Defendant's Motion To Strike ("Opposition") (Docket No. 102), the court declined to strike three separate summary judgment motions filed by each of three defendants. Here, the six separate motions have been filed by the same parties. In *Yeary v. State of Florida*, Case No. 95-0583-CIV-J-21-C, 1997 U.S. Dist. LEXIS 8839, at *30 (M.D. Fla. May 13, 1997) (Docket No. 102-2), Exh. B to Opposition, the court declined to strike three separate summary judgment motions when the defendant had filed them at different points in time, noting that "it would be a different matter if [the defendant] had filed two or three motions (whose accompanying memoranda exceeded the Local Rule page limit in the aggregate) on or about the same time." Here, the six motions were filed simultaneously. In *Burch v. Chase Manhattan Mortgage Corp.*, Civil Action No. 1:07-CV-0121-JOF, 2008 U.S. Dist. LEXIS 76595, at *36 n.5 (N.D. Ga. Sept. 15, 2008) (Docket No. 102-3), Exh. C to Opposition, the court declined to strike two separate motions for summary judgment when the parties had fully briefed all matters before the court. Here, the motions have not been fully briefed. Finally, in *Joseph Oat Holdings, Inc. v. RCM Digesters, Inc.*, Civil No. 06-4449(NLH)(JS), 2009 U.S. Dist. LEXIS 26786, at *6 n.7 (D.N.J. Mar. 31, 2009) (Docket No. 102-4), Exh. D to Opposition, the court declined to strike the parties' multiple motions for summary judgment *sua sponte*, despite violation of the local page-limit rule, when "the parties represent that this piecemeal approach is intended to get to the true heart of the matter." Here, there is no such agreement.

[3] To the extent that the defendant complains that, in the case of the motion for claim construction, the combined motion and statement of facts exceeds the page limit by four pages, *see* Motion To Strike at [1], its objection is not well-taken. It is permissible to attach to such a motion an appendix containing relevant factual matter. Indeed, the defendant did so in its motion for claim construction. *See* Docket No. 73. Should the defendant itself need to exceed the page limit to adequately address, in its response, the facts asserted in the plaintiffs' statement of fact, it may seek leave to do so no
*(continued on next page)*

## II.  Motion for Extension

To the extent that the defendant seeks a seven-day extension of time, until March 26, 2010, to respond to the plaintiffs' pending motions for summary judgment, claim construction, and to exclude testimony, *see* Motion for Extension at [1], the foregoing disposition renders its request **MOOT**.  To the extent that the defendant seeks a seven-day extension of time, until March 26, 2010, for the plaintiffs to respond to its pending motion for summary judgment (Docket No. 65) and pending motion for claim construction (Docket No. 73), the motion is **GRANTED**.

For the foregoing reasons, the Motion To Strike is **GRANTED**, and the Motion for Extension is **DEEMED MOOT** in part and **GRANTED** in part, in the manner detailed above.

Dated this 17th day of March, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

later than three business days in advance of the deadline for its filing, in accordance with Local Rule 7(e).